IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER STOJANOVIC,

                                              OPINION AND ORDER

                  Plaintiff,

                                          19-cv-729-bbc

              v.

DOUG BELLILE, ANN MORAN,
DANIEL KATTENBRAKER, LAURA THOMAS,
MICHELLE FINGER, MIKE D. KRAUSE, GREG HOLMES,
GARRET LUTZ, LORI FOX, DON WEBER,
MIKE GARRIGAN, CORY SMITH AND JANE DOE,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Peter Stojanovic is a patient civilly committed at the Sand Ridge Secure Treatment Center under Chapter 980 of the Wisconsin Statutes.  He is proceeding on claims that staff at Sand Ridge failed to provide him adequate medical treatment for a heart attack and related symptoms that lasted for several days.  Now before the court are several motions.

       First, plaintiff filed a motion to compel discovery from defendants.  Dkt. #15.  As defendants point out in their response, some of the information plaintiff requests in his motion to compel was not included in plaintiff's discovery requests.  Dkt. #16.  In any event, plaintiff now agrees that defendants have now provided him all of the information he has requested, dkt. #19, so I will deny this motion as moot.

       Second, plaintiff has renewed his request for court assistance in recruiting counsel.

1

Dkt. #18.  I denied plaintiff's previous request for assistance in recruiting counsel because I was not persuaded that the complexity of these case exceeds plaintiff's ability to litigate it on his own.  Dkt. #12 (citing <u>Pruitt v. Mote</u>, 503 F.3d 647, 649 (7th Cir. 2007)).  I explained that plaintiff had identified no specific reasons why he needed counsel, beyond stating that he lacked legal training and had only limited access to legal materials.  In his second request, plaintiff repeats the arguments he made previously and fails to identify any new or specific reasons why he needs the assistance of counsel to litigate this case. Therefore, I will deny plaintiff's motion for the same reasons I denied his previous motion.

Third, plaintiff has filed a proposed amended complaint.  Dkt. #22.  After received many extensions, plaintiff had a deadline of April 7, 2020 to file an amended complaint that identified the correct name of defendant Jane Doe, client's rights specialist.  In his proposed amended complaint, plaintiff not only identifies the Jane Doe, but adds two new defendants. I will grant him leave to file the amended complaint under Rule 15 of the Federal Rules of Civil Procedure.  The allegations of his amended complaint are related to the allegations and claims of his original complaint, and I see no prejudice to defendants in allowing the amendment.

Finally, defendants have filed a motion requesting that the court screen plaintiff's amended complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915A.  Dkt. #23. They also ask for an extension of their deadline to file a motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies before filing suit. However, plaintiff is a patient, not an incarcerated prisoner, so the screening and exhaustion

requirements of the Prison Litigation Reform Act do not apply to him. Therefore, I will deny defendants' motion.

ORDER

IT IS ORDERED that

1.  Plaintiff Peter Stojanovic's motions to compel, dkt. #15, and for court assistance in recruiting counsel, dkt. #18, are DENIED.

2.  Plaintiff's motion for leave to file an amended complaint, dkt. #22, is GRANTED.

3.  Defendants' motion for screening of complaint and for an extension of the deadline to file exhaustion motions, dkt. #23, is DENIED.

Entered this 1st day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3