IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER STOJANOVIC,

                                      Plaintiff,

ORDER

19-cv-729-bbc

     v.

DOUG BELLILE, ANN MORAN,
DANIEL KATTENBRAKER, LAURA THOMAS,
MICHELLE FINGER, MIKE D. KRAUSE, GREG HOLMES,
GARRET LUTZ, LORI FOX, DON WEBER,
MIKE GARRIGAN, CORY SMITH, BILL DYNES,
SUZANNE BROWN AND GREG GILES,

                                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a previous order, I granted summary judgment to defendants on all of plaintiff Peter Stojanovic's claims, except plaintiff's claims that defendants Lori Fox and Garret Lutz violated his due process rights by failing to arrange medical treatment for him on July 9, 2018 while he was housed at Sand Ridge Secure Treatment Facility. Dkt. #53. According to plaintiff's version of events, defendant Lutz saw him vomiting and experiencing chest pain while he was showering on July 9, and plaintiff later told Fox and Lutz that he was sick and needed medical attention. Plaintiff says that Fox and Lutz did not notify a shift manager or health services. I explained in my previous order that if plaintiff's version of events was true, a reasonable jury could conclude that Fox and Lutz's responses were objectively unreasonable.

However, Fox and Lutz deny that they were even working at Sand Ridge on July 9,

and they submitted a schedule showing that they were not scheduled to work on that date. Dkt. ##34-1, 35-1. Defendants' evidence made plaintiff's version of events suspect, but did not establish conclusively that Fox and Lutz were absent on July 9. I gave defendants the opportunity to submit additional evidence as to whether Fox and Lutz were working at Sand Ridge on July 9. Defendants have responded, submitting evidence showing that neither Fox nor Lutz logged any hours on July 9, 2018 on the computer database that Sand Ridge uses to maintain employee timesheets. Dkts. #55-1, 55-2. Plaintiff was given the opportunity to respond to defendants' evidence, but he has failed to do so.

Defendants' evidence establishes that neither Fox nor Lutz was working at Sand Ridge on July 9, and that neither of them could have taken the actions that plaintiff has attributed to them. Accordingly, they are entitled to summary judgment on plaintiff's remaining claims against them.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, dkt. #31, is GRANTED with respect to plaintiff's claim that defendants Fox and Lutz violated his Fourteenth Amendment rights on July 9, 2018.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 20th day of January, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge